## CURRY v BERNARD

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 14, 1933

Wm. Zimmerman, Youngstown, for plaintiff in error.

H. C. Waller, for defendant in error.

**POLLOCK, J.**

While the defendant below received a judgment entered by the court, yet he objects to the finding that the forfeiture condition of said deed was void and unenforceable as a condition and prosecuted this action in error to have that condition stricken out. We have examined the condition in this deed and do not think upon its face that it is void and might not be enforceable as a condition under all the circumstances.

It is urged upon the part of the defendant in error that this part of the judgment was wholly obiter and therefore not binding on any one, in view of the fact that plaintiff's petition was dismissed on the ground that the defendant below did not claim any interest in the premises described in plaintiff's petition. This clause is of interest to the several lot owners of this addition as it appears in the deed itself that similar conditions were inserted in all the deeds for this sub-division. For this reason we feel that the entry should not remain because it may affect the rights of the other parties. Possibly the plaintiff in error is only asking that this entry be modified by striking the objectionable parts out but we feel that the better plan should be to reverse the judgment in this case and return it to the Court of Common Pleas for further proceedings according to law.

We do this for the reason that it appears that all of this sub-division has been disposed of, or rather built upon, and perhaps the defendant below could not have such an interest in this property that he could forfeit the title to this lot under the restrictions.

We are not suggesting this from the allegations of the petition and expressing no opinion upon this proposition or any other except what we have referred to in the opinion.

FARR and ROBERTS, JJ, concur.